# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**WILLIAM-DAVID OWENS, JR.**                                   **CIVIL ACTION**
**a/k/a Chief Blue Mahi (Assistant Chief)**

**VERSUS**                                                      **NO. 25-981-JWD-EWD**

**LOUISIANA DEPARTMENT OF**
**WILDLIFE AND FISHERIES, ET AL.**

## ORDER

Before the Court is the Motion for Preliminary Injunction ("the Motion"),[1] filed by William-David Owens, Jr. a/k/a Chief Blue Mahi (Assistant Chief) ("Plaintiff"), who is representing himself. Because the defendants do not have notice of this lawsuit or the Motion, ruling on the Motion will be deferred until the defendants receive notice and have an opportunity to respond.

## I.    BACKGROUND

Plaintiff filed his Complaint for Declaratory, Injunctive, and Monetary Relief, on or about October 24, 2025, alleging claims under the Supremacy Clause of the U.S. Constitution, treaties between the United States and Plaintiff's tribe (the Louisiana Band of Choctaws), and other federal civil rights laws, including 42 U.S.C. § 1983.[2] More specifically, Plaintiff claims that "Defendants' enforcement of a fishing license statute against Plaintiff violates federal treaty obligations and the Supremacy Clause."[3] Plaintiff names as defendants the Louisiana Department of Wildlife and Fisheries, Attorney Alvin Landry, Attorney Cole Garrett, Administrative Law Judge William

---

[1] R. Doc. 2. Documents in the Court record are referred to as "R. Doc. __."

[2] R. Doc. 1.

[3] R. Doc. 1, p. 3, ¶ 13.

Cooper, and Corporal Joshua LeBoeuf.[4] With the Complaint, Plaintiff filed the Motion,[5] seeking to enjoin the defendants from enforcing a fine issued by the Louisiana Department of Wildlife and Fisheries under Louisiana law.[6]

## II.    LAW AND ANALYSIS

"A preliminary injunction is an extraordinary and drastic remedy; it should never be awarded as of right."[7] "The decision to grant or deny a preliminary injunction lies within the discretion of the district court…."[8]  To succeed on a preliminary injunction, Plaintiff must establish four elements: (1) that there is a substantial likelihood he will prevail on the merits; (2) that a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendants; and (4) that the granting of the preliminary injunction will not disserve the public interest.[9]

A preliminary injunction cannot be granted unless notice of the motion has been provided to the opposing party.[10] As of the date of this Order, there is no evidence in the record to indicate that the defendants have been served with the Motion or any other pleading or motion in this case. To the contrary, Plaintiff sought to proceed in this case as a pauper, which relief was granted by the Court on November 7, 2025.[11] Although the Court ordered the defendants to be served with

---

[4] R. Doc. 1, pp. 2-3.

[5] R. Doc. 2.

[6] R. Doc. 2-1, pp. 1-2; *see also* R. Doc. 1, p. 2 ("Defendant, Louisiana Department of Wildlife and Fisheries (LDWF), is a state agency that enforces state fishing laws and issued the unlawful citation at issue.").

[7] *Hampton v. First Guar. Mortg. Corp.*, No. 16-632, 2016 WL 5796886, at *2 (M.D. La. Sept. 30, 2016), quoting *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008).

[8] *Anibowei v. Morgan*, 70 F.4th 898, 902 (5th Cir. 2023), cert. denied sub nom., *Anibowei v. Mayorkas*, 144 S. Ct. 551, 217 L. Ed. 2d 293 (2024).

[9] *See City of El Cenizo, Texas v. Texas*, 890 F.3d 164, 176 (5th Cir. 2018).

[10] *See* Fed. R. Civ. P. 65(a)(1); *see also Hampton*, 2016 WL 5796886, at *2.

[11] R. Docs. 6, 8.

process by the United States Marshals Service ("USMS"), Plaintiff was advised that, due to the current lapse in appropriations, USMS is not executing service in civil cases at this time. Therefore, Plaintiff was ordered to notify the Court by no later than November 21, 2025 if he would prefer to issue process to the defendants, considering the delay associated with service by USMS.[12]

No defendants in this case have appeared. There is no information in the record that the defendants have been given notice of this lawsuit or the Motion, and the Court is awaiting information from Plaintiff regarding service. Therefore, a ruling on Plaintiff's request for preliminary injunction will be deferred until the defendants receive notice of the Motion and have an opportunity to respond.

Accordingly,

**IT IS ORDERED** that a ruling on the Motion for Preliminary Injunction,[13] filed by Plaintiff William-David Owens, Jr. a/k/a Chief Blue Mahi (Assistant Chief), is **DEFERRED** until the defendants in this case have notice and an opportunity to respond to the motion.

**IT IS FURTHER ORDERED** that upon service of process, defendants shall have 21 days to file a response to the Motion for Preliminary Injunction.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send this Order to Plaintiff by regular and by certified mail to the address listed on PACER.

Signed in Baton Rouge, Louisiana on November 10, 2025.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[12] R. Doc. 8, p. 2.

[13] R. Doc. 2.